7106

STATE *v.* SUBER.

1. EVIDENCE—CONTRADICTION—OPINION.—Statement to an officer, "You have the right man," by one who was near the deceased and the man who shot him, there being an issue as to whether the light was sufficient to recognize the parties by is a material point in the case, is not an opinion, and upon denial the party may be contradicted.

2. IBID.—It is competent for a witness for the State to testify in explanation of the fact that his evidence at the trial was stronger against defendant than at the inquest, that he was afraid to tell all he knew at the inquest.

3. APPEAL.—In absence of indication by exception or argument how evidence that others had shot pistols at other times at place deceased was shot could have prejudiced jury against defendant, this Court will not consider the point.

4. MANSLAUGHTER.—Evidence of several shots, last fired by defendant, instantaneous cry of bystander that deceased was hit by last shot, that defendant immediately unbreeched and hid his pistol, is sufficient to support verdict of manslaughter.

Before GAGE, J., Laurens, January term, 1908. Affirmed.

Indictment against Richard Suber for murder of Dave Hunter. From sentence on verdict of manslaughter, defendant appeals.

*Messrs. Ferguson & Featherstone,* for appellant, cite: *It is error to contradict a witness on an irrelevant issue:* 30 Ency.; 1100, 1102; 33 S. C., 129, 352; 43 S. C., 210; 1 McC., 233; 49 Am. R., 794.

*Solicitor R. A. Cooper,* contra. Oral argument.

February 23, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. On the night of 28th December, 1907, a number of persons were standing around the railroad station and store of W. H. Whitlock at Goldville in Laurens county. Several shots were fired and one Dave Hunter was killed. The defendant, Richard Suber, was indicted on the charge of the murder of Hunter and convicted of manslaughter.

The main reliance of defendant's counsel in asking for a reversal of the judgment is the alleged error of the Circuit Judge in allowing the solicitor to ask Ed Ham, a witness for the defendant, if he had not told Deputy Sheriff Sullivan a few days after the shooting and the arrest of Suber that he had the right man; and upon the witness denying the statement, in allowing the solicitor to contradict the witness by asking Sullivan if he did not make the statement at the time and place mentioned. The position of the appellant's counsel is that the words attributed to the witness were nothing more than the expression of an opinion, entirely immaterial and irrelevant to the issue, and, therefore, not a matter upon which he could be discredited by contradiction. Whether the statement "you have the right man" is to be regarded an expression of opinion or the statement of a fact, depends on the circumstances. If used

by one not present at the commission of a homicide with respect to the arrest of another, it would necessarily be only the expression of an opinion derived from the observations of others; and a contradiction as to the expression of such opinion would not be admissible. This was the principle applied in *State* v. *Bodie,* 33 S. C., 117, 11 S. E., 624. But when one who was present at the killing says to an officer after the arrest, "you have the right man," the natural inference is that the witness means to say, "as I was present, I know from my own observation that the person you have arrested committed the homicide." Here the witness testified he was within a few feet of the deceased and of the person who shot him, but could not identify the person who fired the fatal shot on account of the darkness. Dolph Means, a witness for the State, had testified that he also was present and that there was light enough for him to see that it was the defendant who shot. The question of identification, thus made, was the most material one in the case; therefore, when the witness, Ed Ham, denied that he did or could identify the person who shot, the contradiction of Ham on his denial that he told the officer he had the right man tended to discredit the witness as to a material issue. The cases of *State* v. *Bodie,* 33 S. C., 129, 11 S. E., 624; *State* v. *Wyse,* Ib. 592, 12 S. E., 556; *State* v. *Sullivan,* 43 S. C., 210, 21 S. E., 4; *Nettles* v. *Harrison,* 2 McC., 230, relied on by the defendant's counsel, sustain rather than oppose the conclusion we have reached.

There is no foundation for the exception that the Circuit Judge erred in allowing the witness, Wyatt Watson, to testify that the defendant had shot him several years ago, for, on objection of the defendant's counsel, the testimony was ruled out as incompetent.

By the cross-examination of Dolph Means it was made to appear that his testimony against the defendant at the trial was much stronger than it had been at the inquest. In the

11—82

effort to explain the discrepancy, the witness was first asked to state a conversation between himself and the solicitor after the inquest.   Had the witness been allowed to bolster up his testimony by narrating the conversation, a serious question would have been presented. But the witness, without going into the conversation at all, merely stated as a substantive fact that he had omitted to testify at the inquest to certain facts within his knowledge because he was afraid to tell all he knew.   It was clearly competent for the witness to make this explanation.

The record shows that the only objection made to the examination by the solicitor of the witness, Whitlock, sworn on behalf of the State, was sustained; and we are at a loss to discover the basis of the exception charging that the solicitor was erroneously allowed to cross-examine this witness and lay the foundation to discredit him.

It is not indicated in the execption or in the argument how evidence that others had shot pistols at Goldville at other times could affect the minds of the jury on the trial of the defendant, and the exception on this point must be overruled.

Defendant's last contention is, that there was no evidence to support the verdict.   The record clearly shows otherwise. There was evidence of several shots, of the last shot being fired by the defendant, of an instantaneous cry by one standing near that the deceased had been killed by the last shot; and there was evidence that immediately afterwards the defendant unbreeched and hid his pistol.   The question of the credibility and sufficiency of this evidence was for the jury.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.